**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Estate of Patricia B. Holliday, Appellant,

v.

Ross S. Holliday, Respondent.

Appellate Case No. 2019-002002

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2023-UP-220
Heard November 15, 2022 – Filed June 7, 2023

**AFFIRMED AS MODIFIED**

Jesse Sanchez, of The Law Office of Jesse Sanchez, of Charleston, for Appellant.

Forrest Truett Nettles, II, of Rosen Hagood, LLC, of Charleston, Alice F. Paylor, of Saxton & Stump, LLC, of Charleston, and Bijan Khaladj-Ghom, of Saxton & Stump, LLC, of Charleston, all for Respondent.

**PER CURIAM:** The Estate of Patricia B. Holliday (the Estate) appeals the circuit court's orders granting summary judgment to Ross Holliday on the Estate's claim for payment of a promissory note (the Note) Ross executed and made payable to

his parents, Warren and Patricia, who later divorced. The Estate argues the circuit court erred in finding: (1) Patricia released any right to the Note in her marital settlement agreement (the Agreement) with Warren; (2) the Agreement discharged Ross's obligation to pay the Note; and (3) the purported discovery of the original Note was not newly discovered evidence under Rule 60(b)(2), SCRCP. As additional sustaining grounds, Ross asserts summary judgment was proper because the Estate's claim for breach of contract is barred by the statute of limitations and the doctrine of laches. While we agree summary judgment is appropriate, our reasoning differs from that of the circuit court.

In 2004, Warren and Patricia agreed to loan their son, Ross, two million dollars so Ross could buy into a construction business in Utah. In connection with this loan, Ross executed a promissory note, which stated, in pertinent part:

> FOR VALUE RECEIVED, Ross. S. Holliday, the undersigned borrower, promises to pay to Warren P. Holliday and Patricia B. Holliday, as joint tenants or the survivor of them, or order, the sum of Two Million Dollars ($2,000,000) together with interest on the unpaid balance at the rate equal to the prime rate of National Bank of South Carolina plus one-half percent (1/2%), payable upon demand.

In his deposition, Ross testified he made several payments on the loan: approximately $800,000 from 2005 to 2007 and $371,613 in 2010 following the sale of property transferred to him. Ross admitted he did not have any record of these payments, explaining his bank only kept such records for seven years.

Warren died in September 2016. On July 12, 2017, Patricia made her first demand, through counsel, that Ross repay the remaining "amounts owed on" the Note. On February 20, 2018, Patricia filed a breach of contract action in circuit court seeking to collect on the Note.

On June 11, 2019, Ross moved for summary judgment, arguing, inter alia, that Patricia had expressly released any claim to the Note in the Agreement and that the statute of limitations barred her claim.

Following a September 27, 2019 hearing, the circuit court granted summary judgment to Ross. The circuit court found Patricia released all claims she had to

the Note in the December 2013 marital settlement agreement and declined to rule on the merits of Ross's statute of limitations argument.

We disagree with the circuit court's interpretation of the Agreement, but find the statute of limitations bars the Estate's claim. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("The appellate court may review respondent's additional reasons and, if convinced it is proper and fair to do so, rely on them or any other reason appearing in the record to affirm the lower court's judgment.").

Section 36-3-118(b)[1] of the South Carolina Code (Supp. 2022) states:

> Except as provided in Subsection (d) or (e), if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of 10 years.

Patricia filed the action to collect the debt on February 20, 2018. Ross claimed Warren made a demand in 2005 or 2006, and Ross subsequently made payments on the Note. Patricia admitted she knew Warren asked Ross for payment on a couple of occasions, including while Ross was working with Holmes Homes, and she assumed Ross made payments after Warren's demand. In his deposition, Ross testified he left Holmes Homes in 2010. Thus, even if Warren's demand occurred as late as 2010—the latest Ross worked with Holmes Homes—Patricia's 2018

---

[1] Although the parties argued—and the circuit court considered—the statute of limitations now found at § 36-3-118(b), the note at issue here predates the effective date of this version of statute. *See* 2008 S.C. Act No. 204 § 4.A ("This act does not apply to a transaction or event, or obligation or duty arising out of or associated with a transaction or event, before the effective date of this act."). However, even if § 15-3-530(1)'s three-year statute of limitations for contracts, obligations, and other liabilities is considered, the result remains the same: the Estate's claim as to the Note is time-barred.

filing came too late.  As both Patricia and Ross testified in their depositions that Warren indeed demanded payment at some point between 2005 and 2010, the six-year statute of limitations was triggered—at the latest—by the 2010 demand.[2]  For this reason, we affirm the grant of summary judgment.  *See McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014) ("Summary judgment is appropriate when a plaintiff does not commence an action within the applicable statute of limitations.").

**AFFIRMED AS MODIFIED.[3]**

**GEATHERS and MCDONALD, JJ., and HILL, A.J., concur.**

---

[2] The ten-year statute of limitations of § 36-3-118(b) would apply only if "no demand for payment is made to the maker."  As the circuit court noted in its order, "Patricia argued that no payments were made to her and that she had no knowledge that any payments had ever been made by Ross to Warren.  Thus [Ross] argues, Patricia went thirteen (13) years without requesting payments on the Note or even inquiring as to whether the Note had been, or was being, paid."

[2] We find no support in the record for the circuit court's holding that Patricia released her claim to the Note in the marital settlement agreement.  The Estate correctly argues the Agreement "did not address the Note explicitly or implicitly."  Nevertheless, our finding as to the expiration of the statute of limitations is dispositive, and we decline to address the Estate's remaining issues raised in this appeal.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing an appellate court need not address remaining issues when disposition of prior issue is dispositive).